# EXHIBIT 1

ORIGINAL
*14968573*

Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5664
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Attorneys for Plaintiff IRENE HAWKINS,
on behalf of herself and all others similarly situated

FILED
ALAMEDA COUNTY
JAN 2 4 2017
CLERK OF THE SUPERIOR COURT
By Cheryl Clark
Deputy

BY FAX

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| IRENE HAWKINS, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AVALONBAY COMMUNITIES, INC., a Maryland corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: RG 17846815<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. **FAILURE TO PAY ALL WAGES DUE TO ILLEGAL ROUNDING;**<br>2. **DERIVATIVE FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;**<br>3. **DERIVATIVE VIOLATIONS OF LABOR CODE §203; AND**<br>4. **UNFAIR BUSINESS PRACTICES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff IRENE HAWKINS, an individual on behalf of herself and all others similarly situated (hereinafter collectively referred to as "Plaintiffs"), hereby files this Complaint against Defendant AVALONBAY COMMUNITIES, INC. and DOES 1 to 100 (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and belief, allege as follows:

### I.

### INTRODUCTION

1. This is a civil action seeking recovery for Defendants' violations of the California Labor Code ("Labor Code") California Business and Professions Code ("B&PC"), the applicable Wage Orders issued by the California Industrial Welfare Commission (hereinafter, the "IWC

- 1 -
HAWKINS V. AVALONBAY COMMUNITIES, INC. - COMPLAINT

"Wage Orders") and related common law principles.

2. Plaintiffs' action seeks monetary damages, including full restitution from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

3. The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter although this should not automatically be considered the statute of limitations for any cause of action herein.

4. For introductory and general information only (and not to be considered a proposed class definition), the relevant job titles held by the California citizens in this action are Defendants' hourly-paid employees who were subjected to Defendants' policies and practices as described herein (hereafter, the "Affected Employees"). Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

5. With regard to Defendants' Affected Employees, Defendants have:

   a. Failed to pay all wages due to illegal time rounding;

   b. Derivatively failed to timely furnish accurate itemized wage statements;

   c. Derivatively violated Labor Code §203; and

   d. Conducted unfair business practices.

## II.

## PARTIES

PLAINTIFF IRENE HAWKINS

6. Plaintiff IRENE HAWKINS is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a citizen of the State of California.

7. Plaintiff IRENE HAWKINS worked for Defendants as an hourly-paid employee from approximately January 2014 to February 5, 2016 in Alameda, California.

8. Plaintiff IRENE HAWKINS seeks recovery herein from Defendants because with regard to Plaintiff IRENE HAWKINS, while acting for Defendants in her capacity as an hourly-paid employee, Defendants have:

- 2 -

HAWKINS V. AVALONBAY COMMUNITIES, INC. - COMPLAINT

1.       a. Failed to pay all wages due to illegal time rounding;
2.       b. Derivatively failed to timely furnish accurate itemized wage statements;
3.       c. Derivatively violated Labor Code §203; and
4.       d. Conducted unfair business practices.

DEFENDANT, AVALONBAY COMMUNITIES, INC.

9. Defendant AVALONBAY COMMUNITIES, INC. is now and/or at all times mentioned in this Complaint was a Maryland corporation and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

DOES 1 TO 100, INCLUSIVE

10. DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in California.

11. Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

12. Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

ALL DEFENDANTS

13. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

14. Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

15. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

16. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

17. Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

18. Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

19. Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

## III.

## JURISDICTION AND VENUE

20. The California Superior Court has jurisdiction in this matter due to Defendants' aforementioned violations of California statutory law and/or related common law principles.

21. The California Superior Court also has jurisdiction in this matter because both the individual and aggregate monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof.

22. The California Superior Court also has jurisdiction in this matter because during their employment with Defendants, Plaintiff IRENE HAWKINS and the members of the putative Classes herein were all California citizens. Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law.

23. Venue is proper in Alameda County pursuant to CCP §395(a) and CCP §395.5 in that liability arose there because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts business, and/or has an agent therein.

## IV.

## CLASS ACTION ALLEGATIONS

24. CCP §382 provides in pertinent part: "...[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." Plaintiffs bring this suit as a class action pursuant to CCP §382.

25. The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

   a. All California citizens employed by Defendants as hourly-paid employees (as defined, supra) during the appropriate time period to whom Defendants applied a time rounding policy and practice as specifically described herein (hereinafter, the "Rounding Class");

   b. All California citizens employed by Defendants as hourly-paid employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding itemized wage statements as specifically described herein (hereinafter, the "Wage Statement Class");

   c. All formerly-employed California citizens employed by Defendants as hourly-paid employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding Labor Code §203 and the payment of final wages as specifically described herein (hereinafter, the "LC 203 Class"); and

   d. All California citizens employed by Defendants as hourly-paid employees (as defined, supra) during the appropriate time period regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as specifically described herein (hereinafter, the "17200 Class").

26. The Rounding Class, Wage Statement Class, LC 203 Class and 17200 Class are herein collectively referred to as the "Classes."

27. Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

28. Numerosity (CCP §382):
   a. The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible and impractical;
   b. The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court;
   c. The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals; and
   d. The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

29. Superiority (CCP §382): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:
   a. California has a public policy which encourages the use of the class action device;
   b. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;
   c. This case involves large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;
   d. If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an

unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

e. Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f. Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g. Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

　　i) a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

　　ii) a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

　　iii) inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants;

　　iv) potentially incompatible standards of conduct for Defendants; and

　　v) potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

HAWKINS V. AVALONBAY COMMUNITIES, INC. - COMPLAINT

     h. The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

     i. Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

     j. The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

30. <u>Well-defined Community of Interest</u>: Plaintiffs also meet the established standards for class certification (see, e.g. <u>Lockheed Martin Corp. v. Superior Court</u> (2003) 29 Cal.4th 1096), as follows:

     a. <u>Typicality</u>: The claims of Plaintiff IRENE HAWKINS are typical of the claims of all members of the Classes she seeks to represent because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

     b. <u>Adequacy</u>: Plaintiff IRENE HAWKINS:

          i) is an adequate representative of the Classes he seeks to represent;

          ii) will fairly protect the interests of the members of the Classes;

          iii) has no interests antagonistic to the members of the Classes; and

          iv) will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

     c. <u>Predominant Common Questions of Law or Fact</u>: There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

///

|   |   |   |
|---|---|---|
| 1 | i) | Whether Defendants' time rounding policies and practices are illegal |
| 2 |   | with regard to the members of the Rounding Class; |
| 3 | ii) | Whether Defendants failed to timely furnish accurate, itemized and |
| 4 |   | legal wage statements to the members of the Wage Statement Class; |
| 5 | iii) | Whether Defendants are liable pursuant to Labor Code §203 to the |
| 6 |   | members of the LC 203 Class; |
| 7 | iv) | Whether Defendants' conduct constitutes unfair competition within the |
| 8 |   | meaning of B&PC §17200, et seq.; |
| 9 | v) | Whether Defendants' conduct constitutes unfair business practices |
| 10 |   | within the meaning of B&PC §17200, et seq.; |
| 11 | vi) | Whether the members of the Classes are entitled to compensatory |
| 12 |   | damages, and if so, the means of measuring such damages; |
| 13 | vii) | Whether the members of the Classes are entitled to injunctive relief; |
| 14 | viii) | Whether the members of the Classes are entitled to restitution; and |
| 15 | ix) | Whether Defendants are liable for attorneys' fees and costs. |

31. Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232, 238).

V.

CAUSES OF ACTION

FIRST CAUSE OF ACTION

FAILURE TO PAY ALL WAGES DUE TO ILLEGAL ROUNDING

(On Behalf of the Rounding Class)

(Against All Defendants)

32. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

///

- 9 -

HAWKINS V. AVALONBAY COMMUNITIES, INC. - COMPLAINT

33. Labor Code §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek ... shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

34. Labor Code §1182.12, effective July 1, 2014, states: "Notwithstanding any other provision of this part, on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour."

35. Labor Code §§1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

36. Further, pursuant to Labor Code §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

37. Pursuant to Labor Code §1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

38. Pursuant to the IWC Wage Order(s), Defendants are required to pay the members of the Rounding Class for all hours worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

39. Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

    a. Administered a uniform company policy and practice as to the rounding policies regarding the members of the Rounding Class; and

    b. Rounded the actual time worked and recorded by the members of the Rounding Class, usually down, so that during the course of the their employment, the members of the Rounding Class were paid far less than they

1  would have been paid had they been paid for actual recorded time rather than
2  "rounded" time.

3      40.    In fact, Plaintiff IRENE HAWKINS' time records from Defendants' employ have
4  already been analyzed by an expert, and the findings show that Defendants' time rounding
5  policies had a disproportionate impact on Plaintiff IRENE HAWKINS' pay, such that
6  Defendants gained an unfair advantage as a result of this time rounding.

7      41.    Because Defendants required the members of the Rounding Class to remain under
8  Defendants' control without paying therefore, this resulted in the members of the Rounding
9  Class earning less than the legal minimum wage in the State of California.

10      42.    Defendants' pattern, practice and uniform administration of corporate policy
11  regarding illegal employee compensation as described herein is unlawful and creates an
12  entitlement, pursuant to Labor Code §218, to recovery by Plaintiffs and the members of the
13  Rounding Class, in a civil action, of the unpaid balance of the full amount of wages owing,
14  calculated at the appropriate rate.

15      43.    Further, Defendants' pattern and practice in uniform administration of corporate
16  policy regarding Defendants' failure to pay the legal minimum wage to the members of the
17  Rounding Class as described herein is unlawful and creates entitlement, pursuant to Labor Code
18  §1194(a), to recovery by the members of the Rounding Class, in a civil action, for the unpaid
19  balance of the full amount of the unpaid minimum wages owed, calculated as the difference
20  between the straight time compensation paid and the applicable minimum wage (and/or the full
21  amount of unpaid overtime compensation, which includes any unpaid straight time and unpaid
22  overtime premium for overtime hours worked), including interest thereon.

23      44.    Pursuant to Labor Code §1194.2(a) (which provides that in any action under
24  Labor Code §1194, an employee shall be entitled to recover liquidated damages), the members of
25  the Rounding Class seek recovery of liquidated damages on the straight-time portion of
26  uncompensated hours of work (not including the overtime portion thereof) in an amount equal to
27  the wages unlawfully unpaid and interest thereon.
28  ///

- 11 -
HAWKINS V. AVALONBAY COMMUNITIES, INC. - COMPLAINT

45. That calculation of individual damages for the members of the Rounding Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232; Hypolite v. Carleson (1975) 52 Cal.App.3d 566; Employment Development Dept. v. Superior Court (1981) 30 Cal.3d 256).

46. Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the members of the Rounding Class seek recovery of pre-judgment interest on all amounts recovered herein.

47. Pursuant to Labor Code §218.5 and/or Labor Code §1194, the members of the Rounding Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## SECOND CAUSE OF ACTION
## DERIVATIVE FAILURE TO TIMELY FURNISH
## ACCURATE ITEMIZED WAGE STATEMENTS
### (On Behalf of the Wage Statement Class)
### (Against All Defendants)

48. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

49. Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid… (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

50. Further, the IWC Wage Orders §7(A) states in pertinent part: "(A) Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay.…"

51. Therefore, pursuant to Labor Code §226(a) and the IWC Wage Orders §7(A), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

52. As a pattern and practice, in violation of Labor Code §226(a) and the IWC Wage Orders §7(A), Defendants did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

53. As a pattern and practice, in violation of Labor Code §226(a) and the IWC Wage Orders §7(A), Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

54. As of January 1, 2013, SB 1255 amended Labor Code §226 to clarify that an employee suffers injury if the employer fails to provide accurate and complete information as required by any one or more items listed in Labor Code §226(a)(1)-(9) and the employee cannot promptly and easily ascertain requisite information without reference to other documents or information.

55. Here, the members of Wage Statement Class suffered injury because Defendants failed to provide accurate and complete information as required by one or more items listed in

Labor Code §226(a)(1)-(9) and the Wage Statement Class members could not and cannot promptly and easily ascertain requisite information without reference to other documents or information.

56. In addition, the members of the Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Wage Statement Class in that the members of the Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code §226 and the IWC Wage Orders §7(A), such that the members of the Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

57. The actual injuries suffered by the members of the Wage Statement Class as a result of Defendants' knowing and intentional failure to maintain accurate records for the members of the Wage Statement Class include but are not limited to:

   a. Confusion over whether they received all wages owed them by Defendants;
   b. The difficulty and expense of attempting to reconstruct time and pay records;
   c. Being forced to engage in mathematical computations to analyze whether Defendants' wages in fact compensated for all hours worked;
   d. The inability to accurately calculate wage rates complicated by the fact that wage statement information required by Labor Code §226 is missing;
   e. That such practice prevents the members of the Wage Statement Class from being able to effectively challenge information on their wage statements; and/or
   f. The difficulty and expense of filing and maintaining this lawsuit, and the discovery required to collect and analyze the very information that California

HAWKINS V. AVALONBAY COMMUNITIES, INC. - COMPLAINT

1       law requires.

2       58.     Pursuant to Labor Code §226(e), the members of the Wage Statement Class are entitled to fifty dollars ($50.00) per employee for the initial pay period in which a violation hereunder occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

6       59.     Pursuant to Labor Code §226(g), the currently-employed members of the Wage Statement Class are entitled to injunctive relief to ensure Defendants' compliance with Labor Code §226.

9       60.     Pursuant to Labor Code §226(e) and/or §226(g), the members of the Wage Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

## DERIVATIVE VIOLATIONS OF LABOR CODE §203

### (On Behalf of the LC 203 Class)

### (Against All Defendants)

15      61.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

18      62.     Labor Code §203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

23      63.     The members of the LC 203 Class are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

25      64.     Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, according to amendment or proof.

28      ///

- 15 -

HAWKINS V. AVALONBAY COMMUNITIES, INC. - COMPLAINT

65. Defendants willfully failed to pay the members of the LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for up to thirty (30) days thereafter.

66. Defendants' willful failure to pay wages to the members of the LC 203 Class violates Labor Code §203 because Defendants knew or should have known wages were due to the members of the LC 203 Class, but Defendants failed to pay them.

67. Thus, the members of the LC 203 Class are entitled to recovery pursuant to Labor Code §203.

## FOURTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
**(On Behalf of the 17200 Class)**

**(Against All Defendants)**

68. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

69. B&PC §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

70. B&PC §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

71. B&PC §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

72. Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving the members of the 17200 Class of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

73. Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

74. Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

75. Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

76. Plaintiffs seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

77. Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

78. Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

79. Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

a. That the Court issue an Order certifying the Classes herein, appointing all named Plaintiffs as representative of all others similarly situated, and appointing all law firms representing all named Plaintiffs as counsel for the members of the Classes;

As to the First Cause of Action for Failure to Pay All Wages Due To Illegal Rounding:

b. For recovery of the unpaid balance of the full amount of the straight time compensation due and owing, according to proof;

///

1      c.      For liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof), as authorized by Labor Code §1194.2(a);

       d.      For recovery of the unpaid balance of the full amount of overtime compensation due and owing, calculated at the appropriate rate and according to proof;

       e.      For pre-judgment interest as allowed by Labor Code §218.6, Labor Code §1194(a) and CC §3287;

       f.      For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5 and/or Labor Code §1194(a);

As to the Second Cause of Action for Derivative Failure to Timely Furnish Accurate Itemized Wage Statements:

       g.      For recovery as authorized by Labor Code §226(e);

       h.      For an award of costs and reasonable attorneys' fees pursuant to Labor Code §226(e) and/or §226(g);

As to the Third Cause of Action for Derivative Violations of Labor Code §203:

       i.      For recovery as authorized by Labor Code §203;

As to the Fourth Cause of Action for Unfair Business Practices:

       j.      For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Classes who are owed monies by Defendants;

       k.      For an Order requiring Defendants to identify each of the members of the Classes by name, home address, home telephone number and, if available, email address;

       l.      For an Order requiring Defendants to make full restitution and payment pursuant to California law;

       m.      For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

       n.      For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his/her money;

       o.      For all other appropriate injunctive, declaratory and equitable relief;

- 18 -

HAWKINS V. AVALONBAY COMMUNITIES, INC. - COMPLAINT

p.    For interest to the extent permitted by law;

q.    For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code §1194 and/or any other applicable provision of law;

As to All Causes of Action:

r.    For such relief as this Court may deem just and proper, including reasonable attorneys' fees and costs incurred.

## VII.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: January 24, 2017

LAW OFFICES OF KEVIN T. BARNES

By: _____
Kevin T. Barnes, Esq.
Gregg Lander, Esq.
Attorneys for Plaintiffs